FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 21 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MELISSA PRESSLEY,

              Plaintiff,

-against-

CITY OF NEW YORK, OFFICE OF
CORPORATION COUNSEL OF THE CITY
OF NEW YORK,

              Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-3234 (SLT) (ALC)

**TOWNES, United States District Judge:**

Plaintiff Melissa Pressley, an attorney, brings this pro se action against defendants alleging violations of Title VII of the Civil Rights Act of 1964. Plaintiff seeks to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons that follow, Plaintiff's request (Docket No. 2) is denied and she is directed to pay the statutory filing fee of $350 within fourteen (14) days of the date of this Order in order to proceed with this action.

The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170 (JSM), 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson

Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F.Supp. 304, 308 (S.D.N.Y. 1996)).

The financial declaration form that Plaintiff has submitted does not satisfy the Court that she is unable to pay the Court's filing fee to commence this action. Plaintiff's financial declaration alleges that she is presently self-employed as an attorney and that her "business income" is $2,000 to $2,300 per month before expenses. (Docket No. 2 ¶ 2). She also alleges that she has approximately $800 in a bank account, $15,000 in life insurance, $4,000 in a CD, $34,000 in a pension account, and that she contributes $650 toward her father's food and other expenses. (Id. ¶¶ 4, 5. 7). For her own expenses, Plaintiff alleges that she has approximately $740 per month in household expenditures, as well as debts related to student loans and credit cards. (Id. ¶¶ 6, 8). Plaintiff's declaration establishes that she has sufficient resources to pay the $350 filing fee to commence this action and her request to proceed IFP (Docket No. 2) is therefore denied.

Accordingly, Plaintiff must pay the $350 filing fee within fourteen (14) days of the date of this Order in order to proceed with this action. No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until Plaintiff has complied with this Order. If Plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

/S/

/SANDRA L. TOWNES
United States District Judge

Dated: July 21, 2011
Brooklyn, New York