UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MELISSA PRESSLEY,

                        Plaintiff,                        **MEMORANDUM & ORDER**

       -against-                                  11-CV-3234 (SLT) (RER)

THE CITY OF NEW YORK, et al.,

                        Defendants.
-----------------------------------------------------------x

**TOWNES, United States District Judge:**

In two letters dated March 19, 2013, (Docket Nos. 99, 101), Plaintiff, an attorney proceeding pro se,[1] raises objections to three discovery rulings made by Magistrate Judge Ramon E. Reyes, Jr., during a February 13, 2013, conference (Docket No. 94 ("Tr.")). For the following reasons, Plaintiff's request to vacate Judge Reyes' rulings is denied.

I. **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide that the scope of discovery includes "any non-privileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. While the "regime . . . is an extremely permissive one," district courts have "broad discretion to manage the manner in which discovery proceeds" and limit it "when the facts and circumstances are such that it creates an

---

[1] Plaintiff is an experienced attorney licensed to practice law in this state. Accordingly, her papers will be held to the higher standard that applies to submissions drafted by lawyers. See Gray v. City of New York, 10-CV-3039 (SLT)(CLP), 2012 WL 947802, at *10 (E.D.N.Y. Mar. 20, 2012); Moore v. City of New York, No. 08-CV-2449 (RRM)(LB), 2011 WL 795103, at *1 (E.D.N.Y. Feb. 28, 2011) (even disbarred attorney's submissions not entitled to degree of liberality afforded non-attorney pro se plaintiffs).

inappropriate burden or hardship." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d. Cir. 2003).

A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'" Garcia v. Benjamin Group Enter. Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ. P. 72(a)). Under this highly deferential standard of review, a district court may reverse the finding only if "on the entire evidence," the district court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001). Simply put, "a party seeking to overturn a discovery order bears a heavy burden." AP Links, LLC v. Global Golf, Inc., No. 08-CV-1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar 14, 2011).

## II. OBJECTIONS

### A. Medical Records

Plaintiff first objects to Judge Reyes' ruling requiring her to produce authorizations for her primary care and mental health care providers from 2003 to the present. Plaintiff indicates that she has already provided authorizations for release of her mental health care and psychotherapy records, and concedes that while she was employed at the New York City Law Department, her primary care physician "referred her for counseling because of work-related stress." (Docket No. 99 at 1). While Plaintiff has agreed to release her primary care records for the period of her employment, she argues that Defendants are not entitled to records covering the period before and after her employment. In support of this objection, Plaintiff relies on her own assertion that "I had not discussed with any healthcare provider any emotional distress, let alone

2

received a referral for its treatment, prior to my employment at the Department and had not received any [primary care] referrals for therapy after my employment." (Docket No. 99 at 2).

Plaintiff made a similar "trust me" argument during the discovery conference, asserting that the records are "not relevant" because "I am stating that I have not received, did not discuss, did not ... even meet with a primary ... care professional." (Tr. at 22-23). As Judge Reyes explained at length, such records are relevant because Defendants may investigate whether a medical condition, unrelated to employment, led to Plaintiff's stress. (Tr. at 19-27). See, e.g., Bujnicki v. Am. Paving and Excavating, Inc., No. 99-CV-0646S (SR), 2004 WL 1071736, at *18 (W.D.N.Y. Feb. 25, 2004) (ordering plaintiff claiming psychological injuries to produce releases for primary care medical records beginning two years before employment with defendants); Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 223 (S.D.N.Y. 1994) (finding defense counsel has right to inquire into plaintiffs' pasts to show claimed emotional distress was not job-related). The Court does not find Judge Reyes' ruling clearly erroneous or contrary to law.

B.  **Non-Party Transfer Applications**

Plaintiff also objects to Judge Reyes' ruling that denied her request for the "applications of those who applied for the senior counsel position in Pensions, including that of Amy Kauthal [sic] who was given the position in a transfer during 2005-2006." (Docket No. 99 at 3). Plaintiff claims that such discovery is relevant because she "had been seeking" a transfer to Pensions during that time period and was told no vacancies existed. Defendants note that they have already produced documents concerning Ms. Kaufthal's consideration for and transfer to Pensions, and that a written policy provides that employees are not eligible for a lateral transfer for two years, barring an exceptional situation. (Docket No. 103 at 4; Ex. A). Plaintiff conceded at the conference that Ms. Kaufthal began her employment in "2003 of September" and that "she

3

was transferred in the latter part of 2005," or at least two years later. (Tr. at 65). In contrast, Plaintiff began her employment in March 2004. (Tr. at 65). Judge Reyes denied Plaintiff's requests for the other applicants' files, but stated that if Plaintiff could provide documentary proof that she (1) requested a transfer before Ms. Kaufthal was transferred; and (2) was eligible for a transfer at that time, he would reconsider the request. (Tr. at 69). The Court does not find Judge Reyes' ruling clearly erroneous or contrary to law.

### C. Pensions Diversity Data and Witness Identification

Plaintiff's third objection concerns search results revealing the names, titles and races of attorneys in Pensions. At the discovery conference, Plaintiff asked that Defendants "identify the name and title of each individual who has provided diversity data . . . related to the transfers of attorneys to Pensions for years 2005 to 2007." (Tr. at 99). Judge Reyes indicated that Plaintiff could depose a Rule 30(b)(6) witness about changes to the data and its derivation, (Tr. at 99), to which Plaintiff responded, "Okay, that's fine."

Yet, Plaintiff now objects that the diversity data documents "are not official records, are not on official letterhead, not accompanied by any affidavit identifying the documents and records witness, and could easily be an attorney's tally," and that Defendants "have altered critical information on these documents during this litigation, which make them more questionable." (Docket No. 101 at 1). Plaintiff further argues that "a deposition is an expensive way to find out the mere identity of a witness" who "prepared the information on these questionable documents" and asks the Court to order Defendants "to either produce the copies of the records or provide an affidavit of the individual who prepared these documents." (Docket No. 101 at 1).

In response, Defendants have indicated that "to resolve this issue and move the case along, we are willing to re-run the data searches and produce them to Plaintiff with an affidavit from the custodian of records." (Docket No. 103 at 4). Accordingly, Plaintiff's objection on this issue is moot.

III. CONCLUSION

For the reasons set forth above, Plaintiff's request to vacate various discovery rulings (Docket Nos. 99, 101) is DENIED in its entirety.

**SO ORDERED.**

                s/SLT

              /SANDRA L. TOWNES
               United States District Judge

Dated: April 11, 2013
    Brooklyn, New York