| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>MELISSA PRESSLEY,<br><br>                 Plaintiffs,<br>    -against-<br><br>CITY OF NEW YORK, *et al.*,<br><br>                 Defendants.<br>-------------------------------------------------------X | *NOT FOR PUBLICATION*<br><br><br><br><br>SUMMARY ORDER<br><br>11-CV-3234 (PKC) (RER) |

**RAMON E. REYES, JR., U.S.M.J.:**

Before the Court is Plaintiff's motion to compel deposition responses by non-party Ms. Muriel Goode-Trufant ("Deponent") and Defendants' response in opposition to that motion. (Dkt. Nos. 145, 146.) The Court assumes the parties' familiarity with the facts and procedural history. Plaintiff seeks to compel Deponent to provide (1) the results of Deponent's investigation into an internal Equal Employment Opportunity ("EEO") complaint marked as an exhibit by Plaintiff at the deposition; (2) the names of formal and informal complainants of race discrimination within the Torts Division; (3) whether Ms. Success and/or Ms. Pierre worked in the Special Litigation Unit or Lead Paint Unit; (4) the information Deponent provided to the individual investigating and drafting Defendants' response to Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge and the identities of the individuals with whom she communicated regarding this response; and (5) the identity of the individuals with whom Deponent resides. (*Id.*) I will treat this as a motion under FED. R. CIV. P. 37(a) to compel deposition responses. I have thoroughly reviewed the parties' submissions. Plaintiff's motion to compel is granted in part, and denied in part.

Issue 1

At Deponent's deposition, Plaintiff produced, as an exhibit, an unredacted copy of an internal EEO complaint made by a black female attorney working in the Torts Division in 2006. Plaintiff asked Deponent about her investigative findings into this specific complaint. Defendants' counsel instructed her not to answer, arguing both lack of relevance and confidentiality. While the information sought may not be admissible pursuant to FED. R. EVID. 404(b), or otherwise, I cannot say it is neither relevant nor likely to lead to the discovery of admissible evidence. Moreover, the instruction not to answer was improper. FED. R. CIV. P. 30(c)(2)[1] ("A person may instruct a deponent not to answer only when necessary to preserve a privilege . . . ."); *see also Phillips v. City of New York*, No. 10-CV-2330 (CBA) (VVP), 2011 WL 3795068, at *1 (E.D.N.Y. Aug. 26, 2011) ("The sole argument advanced to justify the direction not to answer is that the information is irrelevant and would be admissible. Again, that is simply not a basis for a direction not to answer.").

Regarding Defendants' confidentiality concern, a Protective Order is in place, such that the question could have been answered and then subsequently marked as confidential. The question must now be answered, although the protections proposed by Defendants are appropriate. The complaint, which Plaintiff marked as a deposition exhibit, must be redacted to reveal only the complainant's initials of her first and last name, and must be marked and treated as confidential in accordance with the Protective Order.

---

[1] A motion under Rule 30(d)(3) may also be made to terminate a deposition or limit its scope "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

Issue 2

Deponent was asked by Plaintiff for the names of individuals in the Torts Division who made formal and informal discrimination complaints. Deponent was instructed not to answer this question on the same grounds cited in Issue 1. The same ruling as Issue 1 applies here. The question must be answered, but in order to protect the complainants, the response must be redacted in any document viewable by the public, such that only their first and last initials may be used, and otherwise treated as confidential in accordance with the Protective Order.

Issue 3

Plaintiff next argues that because of the instruction not to answer the question addressed in Issue 2, she could not ask, as a follow-up, whether Ms. Success and Ms. Pierre worked in the Special Litigation Unit or the Lead Paint Unit. In light of the ruling in Issue 2, Plaintiff can also have this question answered as a follow-up. *See Bodega Invs., LLC v. United States*, No. 08-CV-4065 (RMB) (MHD), 2009 WL 2634765, at *4 (S.D.N.Y. Aug. 21, 2000) (directing deponent to answer deposition question with any reasonable follow-up questions triggered by his answer); *HCC, Inc. v. RH & M Mach.* Co., No. 96-CV-4920 (PKL) (RLE), 1997 WL 675334, at *5 (S.D.N.Y. Oct. 30, 1997) (directing deponent to answer questions posed during deposition and any follow-up questions answers may prompt).

Issue 4

Deponent was asked to identify the information she provided to the individual investigating and drafting Defendants' response to Plaintiff's EEOC charge, as well as to identify the individuals with whom she communicated regarding the EEOC charge. Counsel for Defendants instructed Deponent not to respond on the basis of attorney-client privilege. The

individual investigating and drafting the response was counsel in the firm representing Defendants. Deponent does not have to answer as to the specific information that she provided to counsel because that is protected by attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("[T]he protection of the [attorney-client] privilege extends only to *communications* and not to facts . . . . The client cannot be compelled to answer the question 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within [her] knowledge merely because [s]he incorporated a statement of such fact into [her] communication to [her] attorney" (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962) (internal quotation marks omitted)). However, Deponent does have to answer the question as to the identities of the individuals with whom she communicated with regarding Defendants' response to the EEOC charge because that information is not covered by such attorney-client privilege. *See Bohack Corp. v. Iowa Beef Processors, Inc.*, No. 77-CV-1673, 1981 WL 2018, at *3 (E.D.N.Y. Jan. 13, 1981) ("Once [deponent] discussed the facts of his case with a third-party . . . the identity of that party is no longer confidential . . . .").

<u>Issue 5</u>

Deponent was also asked to identify the individuals with whom she resides and counsel for Defendants objected, such that Deponent did not respond. Deponent does not have to answer this question because such information is neither relevant nor likely to lead to the discovery of admissible evidence. With regards to Deponent, this question falls under FED. R. CIV. P. 30(d)(3)(A) because it does not address any claim or defense in the case, the witness is not a party, no good faith basis for asking this question has been provided, and the question is not

designed to lead to admissible evidence. *See Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, No. 09-CV-601 (ADS) (AKT), 2009 WL 3757054, at *1 (E.D.N.Y. Nov. 9, 2009).

Conclusion

In conclusion, Plaintiff's motion to compel is granted in part, and denied in part. All other requests by Plaintiff are denied. Deponent to respond to the actual questions asked and objected to at the October 25, 2013 deposition, as well as the follow-up question in Issue 3, in writing no later than November 20, 2013.

**SO ORDERED.**

**Dated: November 13, 2013**
    **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**RAMON E. REYES, JR.**
**United States Magistrate Judge**