UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MELISSA PRESSLEY,

                Plaintiff,

        - against -

THE CITY OF NEW YORK, MICHAEL
CARDOZO, and KENNETH MAJERUS,

                Defendants.
------------------------------------------------------X

**ORDER ADOPTING
REPORT & RECOMMENDATION**
Case No. 11-cv-03234 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

On August 25, 2015, the Honorable Ramon E. Reyes issued a Report and Recommendation ("R&R") recommending that summary judgment be granted to Defendants the City of New York, Michael Cardozo, and Kenneth Majerus (collectively, "Defendants") and that Plaintiff Melissa Pressley's cross-motion for summary judgment be denied. (Dkt. 194 ("R&R").) Plaintiff filed her omnibus objections to the R&R on October 31, 2015, (Dkt. 196), and Defendants responded on December 4, 2015, (Dkt. 198).[1] The Court now adopts Judge Reyes' exceedingly thorough and comprehensive R&R in its entirety, and grants summary judgment in favor of Defendants.

I.     STANDARD OF REVIEW

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

---

[1] Defendants move to strike Plaintiff's letter filed on January 16, 2016, (Dkt. 199), as an impermissible reply in further support of her objections to the R&R. The Court agrees with Defendants that Rule 72 of the Federal Rules of Civil Procedure does not contemplate a reply in further support of objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72. Moreover, Plaintiff's letter raises no new issues or facts altering the Court's decision to adopt the R&R.

28 U.S.C. § 636(b)(1). With respect to a magistrate judge's recommendations on a dispositive matter, the Court reviews *de novo* those determinations as to which a party has specifically objected. *See id.* ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.") However, "[t]o accept the report and recommendation of a magistrate judge on a dispositive matter as to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record." *Piroleau v. Caserta*, No. 10-cv-5670, 2012 WL 5389931, at *1 (E.D.N.Y. Oct. 29, 2012) (citing, *inter alia*, *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007)); *Batichon v. Nevada State Bank*, No. 01-cv-2729, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004) (reviewing dispositive Report and Recommendation for "clear error" where no objections made).

Magistrate judges have broad discretion to resolve non-dispositive matters. *Alvarado v. City of New York*, No. 04-cv-2558, 2009 WL 510813, at *1 (E.D.N.Y. Feb 27, 2009). The Court, therefore, may only overrule a magistrate judge's determination of a non-dispositive matter where it is "clearly erroneous or contrary to law." *Id*. "Under the clearly erroneous standard of review of [Federal Rule of Civil Procedure ("FRCP")] 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp.2d 169, 172 (E.D.N.Y. 2008) (internal quotation and citation omitted). "[A]n order is contrary to law when it fails to apply or

misapplies relevant statutes, case law or rules of procedure." *E.E.O.C. v. First Wireless Grp., Inc.,* 225 F.R.D. 404, 405 (E.D.N.Y. 2004).

Here, Plaintiff purports to "object[] to the entire [R&R]." (Dkt. 196 ("Obj.") at 1.)[2] This type of sweeping, non-specific objection, however, does not constitute a proper objection that merits the Court's consideration. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (court is not required to review magistrate judge's findings or conclusions as to which no proper objection is made); *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) ("party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object"). Moreover, the specific objections that Plaintiff actually does make simply repeat her previous arguments to Judge Reyes, and thus merit only clear-error review. *See Armatas v. Maroulleti*, No. 08-cv-310, 2010 WL 4340334, at *2 (E.D.N.Y. Oct. 22, 2010) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.") (internal citations and quotations omitted); *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, at *1 (N.D.N.Y. March 16, 2011) (internal citations omitted). The Court, therefore, considers only Plaintiff's objections to specific determinations in the R&R and reviews those objections for clear error.[3]

---

[2] All page references correspond to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.

[3] For example, the Court declines to revisit Judge Reyes's determination that Plaintiff's Title VII claims prior to October 27, 2007 are barred by the applicable statute of limitations because Plaintiff does not object to this finding.

II.     ANALYSIS

   A.      Alleged Bias

Plaintiff's first "objection" is that Judge Reyes has been biased throughout the course of this litigation. (Obj. at 1-4; Dkt. 112 ("Motion for Recusal").) As a preliminary matter, Plaintiff did not raise this bias accusation as part of the summary judgment briefing before Judge Reyes and thus the R&R does not address it at all. This fact alone makes Plaintiff's objection improper. *See Thomas*, 474 U.S. at 150. Moreover, Plaintiff has already unsuccessfully raised this issue by way of a motion for recusal before Judge Reyes, (Dkt. 112), and an appeal of that decision to this Court. (Dkt. 118.) In both instances, this baseless accusation was rejected, and Plaintiff's motion was denied. The Court declines to revisit those decisions.[4] (Dkts. 116, 6/27/13 Docket Order.)

   B.      Discovery Issues

Plaintiff also objects to Judge Reyes's denial of her motions to have counsel at her deposition and stay discovery. (Obj. at 4-6, 13; Dkts. 132, 154.) And for the first time, Plaintiff contends that Defendants failed to provide a copy of Plaintiff's deposition transcript. (Obj. 5.) All three objections lack merit.

To begin, Plaintiff waived any right to a review of Judge Reyes's denial of counsel when she did not object within fourteen days of his September 13, 2013 Order denying her Motion for Reconsideration of his original denial. Fed. R. Civ. P. 72 ("A party may not assign as error a defect in the order not timely objected to."); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("a *pro se* litigant who fails to object timely to a magistrate's order on a non-

---

[4] In any event, even if the Court were to entertain this frivolous allegation, it is unclear how Judge Reyes's attenuated relationship with Defendant Andes is relevant, given that Judge Townes dismissed all claims against Defendant Andes on January 14, 2013. (Dkt. 89.)

4

dispositive matter waives the right to appellate review of that order").[5]  Plaintiff's other two discovery-related objections fare no better.  As to Judge Reyes's denial of Plaintiff's motion to stay discovery, this Court previously concluded that Judge Reyes's decision was not clearly erroneous or contrary to law, and thus denied Plaintiff's motion.  (1/8/2014 Docket Order.)[6]  Plaintiff's other objection, that she has not received a copy of her deposition transcript, is in no way responsive to the R&R and therefore is inappropriate for review.  Even assuming Plaintiff's objection is valid, it should have been raised two years ago in front of Magistrate Reyes in the form of a motion to compel, and *not* for the first time on Plaintiff's objection to the R&R.

C. Fourth Amendment

Plaintiff further objects to Judge Reyes's dismissal of her Fourth Amendment claims, arguing that the R&R: (1) erroneously found that Plaintiff failed to establish that Defendants engaged in a deliberate act in reviewing her mail; (2) "completely ignore[d] the testimony of Majerus that belies any claim the defendants turned over all the relevant information concerning their mail opening policy[;]" (3) "improperly trivialized the 'edit date' of 6/1/2012, printed on

---

[5] Additionally, the Court rejects Plaintiff's argument that she could not file such objections because she had to appear for her deposition a mere four days after Judge Reyes's decision.  Plaintiff could have filed her objections prior to the deposition or requested an adjournment of her deposition.  She chose to do neither and accordingly waived any right to appeal Judge Reyes's denial of counsel.  The same rationale applies to Plaintiff's complaints concerning other disagreements with various discovery rulings by Judge Reyes. (*See, e.g.,* Obj. 3 ("Magistrate refused to issue any admonition to defendants regarding their harassing, obstructive conduct"; "it has been defendants who have violated the protective order in this action related to disclosure of personal information in medical discovery, and, as expected, the Court has been silent"; "the Magistrate reduced the number of depositions Plaintiff [was] permitted to conduct from 18, which had been granted at the Preliminary Conference, to 10, without any explanation or motion for such relief.").)  Any objections to these issues could, and should, have been raised at the time they arose.

[6] The Court construes Plaintiff's objection that Defendants "hid[] evidence" by opposing her motion to stay discovery as an objection to Judge Reyes's decision to allow discovery to proceed. (Obj. 13.)

the '1st Level Sorting' document[;]" and (4) failed to consider a statement in Plaintiff's affidavit that the alleged Fourth Amendment violation continued after her oral and written complaints. (Obj. 7-8; Dkt. 188-4 ("Opp.") at 11-12, 15, 17.) With the exception of the fourth argument, Plaintiff made the same arguments to Judge Reyes, and thus only clear-error review is warranted as to the first three objections. *Armatas*, 2010 WL 4340334, at *2 ("general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error") (internal citations and quotations omitted). After reviewing Judge Reyes's thoroughly reasoned analysis of these three issues, the Court finds no clear error.

The Court addresses only Plaintiff's argument that Judge Reyes failed to consider Plaintiff's affidavit in reaching his conclusion that Plaintiff's mail continued to be open after she complained on August 3, 2010. In the R&R, Judge Reyes declined to credit Plaintiff's claim that the alleged mail-related conduct continued after August 3, 2010 because the claim was "just a statement contained in Plaintiff's memorandum of law." (R&R at 22.) The Court finds that this ruling was not clear error, given that Plaintiff's memorandum of law did not cite any factual support for this statement and Judge Reyes was not obligated to independently review the entire record to determine if any such factual support existed. *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000) ("While the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out.") (quotations and citations omitted); *see also 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 429 F.3d 39, 46 (2d Cir. 2005).

Plaintiff now points out, for the first time, that her affidavit submitted in connection with her summary judgment motion contained a statement that the conduct continued after she

complained on August 3, 2010. This statement, the Court reiterates, was not cited in Plaintiff's memorandum of law. However, even reviewing Plaintiff's statement in her affidavit *de novo*, the Court finds that it does not save her Fourth Amendment claim because it amounts to "a self-serving affidavit that merely reiterates conclusory allegations in affidavit form" and is therefore "insufficient to preclude summary judgment." *United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 393 F. Supp. 2d 199, 211-12 (S.D.N.Y. 2005) *aff'd sub nom. United Magazine Co. v. Curtis Circulation Co.*, 279 F. App'x 14 (2d Cir. 2008). Indeed, the fact that the only opened envelopes produced by Plaintiff were all postmarked *before* August 3, 2010 highlights the insufficiency of Plaintiff's self-serving and conclusory statement.

Accordingly, the Court denies Plaintiff's objections to the R&R and adopts its conclusion on the Fourth Amendment claim in its entirety.

    D.    <u>Title VII</u>

        1.    *Transfer to Torts Division Borough Unit*

Additionally, Plaintiff argues that "the Court cannot penalize Plaintiff for not accepting a transfer that was in itself a retaliatory/discriminatory harm" and therefore the R&R erroneously failed to consider whether an offer to transfer Plaintiff from her unit in the Torts Division to a "Torts borough unit" was, in and of itself, an adverse employment action. (Obj. at 8-10; Opp. at 34-35.) This objection lacks merit. To begin, Plaintiff attempts to relitigate her claims arising prior to October 27, 2007, which Judge Reyes correctly concluded were barred by the applicable statute of limitations. (R&R at 9.) Thus, the only remaining timely claim is Plaintiff's transfer request to another division occurring after October 27, 2007. (*Id.* at 12.) However, whether or not Plaintiff's potential transfer to a Torts borough unit was an adverse employment action is not material to the dismissal of Plaintiff's claims. Indeed, as Judge Reyes correctly found, Plaintiff

7

could not have suffered an adverse employment action because she quit before Defendants ever granted or denied her post-October 27, 2007 transfer request. (*Id.* ("Plaintiff cannot request a transfer, leave before such a request is acted on by Defendants, and then claim it as an adverse employment action. Defendants have not, by definition, taken action, but rather were in the process of determining what action to take.").) Thus, there was no transfer to a Torts borough unit for Judge Reyes to consider as an alleged adverse employment action, and Plaintiff's objection based on Judge Reyes' purported failure to consider one is meritless.[7]

### 2. *Constructive Discharge*

The Court also rejects Plaintiff's objections to the R&R regarding her constructive discharge claim, which mirror her original arguments before Judge Reyes. (Obj. at 10-12; Opp. at 34, 38.) As before, Plaintiff argues that she was constructively discharged because she was not granted any of the transfers she wanted after waiting several years, and that the R&R erroneously failed to address "how many more years Plaintiff was supposed to wait for just one transfer to be granted." (Obj. at 12.) This objection, however, misunderstands the R&R's reasoning and ignores the standard that applies to claims of constructive discharge. As the R&R explained, a constructive discharge claim requires a Plaintiff to demonstrate conditions "so intolerable that a reasonable person in the employee's position would have felt compelled to resign." (R&R at 13 (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004).) As also noted in the R&R, "[a]n employee who remains on the job while looking for alternative employment is hard-pressed to establish that her working conditions were intolerable." (*Id.*

---

[7] Any argument that Judge Reyes relied on unreliable and false evidence is unfounded. This includes Plaintiff's objection that "the documents produced by defendants are unreliable," and "that Trufant and Majerus are highly impeachable witnesses." (Obj. at 10.) Moreover, there is nothing to suggest that any of the allegedly "unreliable" evidence would be inadmissible as a matter of law, such that Judge Reyes erred, in any way, by considering it.

(quoting *Regis v. Metro. Jewish Geriatric Ctr.*, No. 97-cv-906, 2000 WL 264336, at * 12 (E.D.N.Y. Jan. 11, 2000).) Applying these standards, Judge Reyes concluded that Plaintiff's constructive discharge claim failed because Plaintiff remained at the Law Department for months while looking for alternative employment and would have remained at the Law Department had her transfer requests been granted, thus undermining any claim of constructive discharge. (R&R at 13-14 ("Plaintiff's willingness to stay within SLU when offered an immediate transfer out, willingness to stay in the Law Department if her requests were met, and/or willingness to return if she received a transfer does not indicate that a reasonable person in Plaintiff's shoes would find the conditions so intolerable and unpleasant and feel compelled to resign.").) This finding, among others, correctly analyzed the law and the facts and was thus not erroneous, and certainly not clearly erroneous.

### 3. *Retaliation*

Plaintiff's last objection with regard to her Title VII claim is that the R&R misconstrued certain facts relating to her retaliation claim, in which she alleges that she was retaliated against for her failure to work on the Sabbath. Plaintiff asserts that had the R&R correctly understood Plaintiff's factual allegations, it would have found that "a jury [could] properly infer that [her supervisor's] criticism of, or merely interest in, Plaintiff's work arrival times was motivated by Plaintiff's refusal to report to work on that Sunday." (Obj. at 12; Opp. at 54-57.)

Again, this objection completely misses the mark. The R&R made no finding at all as to reasonable inferences to be drawn from Plaintiff's factual allegations; it did not need to. Plaintiff's retaliation claim was dismissed because it was time-barred under the applicable statute of limitations. (R&R at 8-11.) Notably, Plaintiff does not object to the R&R's determination that the alleged retaliation was a discrete act occurring in 2004, which led to the conclusion that

the claim was time-barred. (*Id.*) Thus, the Court finds no clear error with respect to the R&R's recommendation that Plaintiff's retaliation claim be dismissed.

  E.  Motion to Dismiss

Lastly, Plaintiff continues to object to Judge Townes's motion to dismiss decision. Specifically, she claims that Judge Townes improperly dismissed her due process claim, which was based on an alleged deprivation of a fair investigative process at the EEOC. (Obj. at 13-14; Opp. at 6-7.) The Court rejects Plaintiff's argument for the obvious reason that it is wholly improper for Plaintiff to use her objections to the R&R to voice her disagreement with an earlier motion to dismiss ruling. In any event, the Court finds no clear error with respect to Judge Reyes's analysis that Plaintiff's due process claim still fails because her "second amended complaint is devoid of any allegations of Majerus's and Cardozo's personal involvement in the EEOC proceedings, such that they could be held liable for acting under color of law under § 1983. (R&R at 28.) Notably, Plaintiff does not object to this conclusion, and because it is not clearly erroneous, the Court adopts it.

*CONCLUSION*

The Court finds no clear error in Judge Reyes's remarkably thorough and well-reasoned R&R, and hereby affirms and adopts it in its entirety as the opinion of the Court.[8] Accordingly, for the reasons set forth in the R&R, the Court grants Defendants' motion for summary judgment and denies Plaintiff's cross motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment in Defendants' favor and terminate this action.

---

  [8] The Court notes only one typographical error on page twenty-three of the R&R, which should have used the word "responsible" instead of "reasonable." (R&R at 23.)

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 31, 2016
　　　　Brooklyn, New York